JESUS SANCHEZ v. THE STATE.

No. 3160. Decided November 1, 1905.

1.—Theft of Cattle—Consent of Owner—Detective.

On a trial for theft of cattle where the evidence showed that at the request of defendant to steal cattle, the prosecuting witness, with the knowledge and consent of the peace officer and for the purpose of detecting defendant in the theft and expose him to the law, joined him with the consent of the owner of the cattle in the theft of the same, such consent of the owner to the prosecutor would not avail the defendant as a defense.

2.—Same—Withdrawa' of Testimony.

On a trial for the ; of cattle where the testimony showing that preparation

had been made by the officer and the owner of the cattle to detect the thief, was withdrawn by the court in the main charge, excluding the same from consideration of the jury; any possible error there might have been made in its admission was cured.

**3.—Same—Bill of Exceptions.**

On a trial for theft of cattle where the bill of exceptions to certain evidence is defective in not showing the environment surrounding the admission of the testimony, the same cannot be considered, although by reference to the statement of facts it appears pertinent.

**4.—Same—Detectives—Accomplices—Harmless Error—Consent of Owner.**

Where on a trial for theft of cattle the prosecuting witness had consent of the owner to join with the defendant in the theft of the said cattle, he was not an accomplice but merely a detective, and defendant could not avail himself of such consent of the owner given to the detective; especially where this matter was favorably submitted to defendant in the court's charge.

**5.—Same—Statement of State's Counsel—Nature of Case.**

On a trial for theft of cattle the State's counsel was authorized by the statute to make an opening statement of the nature of the case to the jury.

Appeal from the District Court of El Paso. Tried below before Hon. R. C. Walshe.

Appeal from a conviction of theft of cattle; penalty, three years imprisonment in the penitentiary.

The opinion states the case.

*A. G. Wilcox & M. W. Stanton,* for appellant.—Harris v. State, 12 Texas Ct. Rep., 317; Bradshaw v. State, 5 id., 904; Kelly v. State, 2 id., 561; Holden v. State, 1 Texas Crim. App., 225; Williams v. State, 4 id., 5.

*Howard Martin,* Assistant Attorney-General, for the State.

BROOKS, Judge.—Appellant was convicted of the theft of nine head of cattle. The proof shows that W. H. Broaddus, was the special owner of the cattle at the date of the alleged theft, the same being under his care, control and management. The record shows that prosecutor and the peace officers at El Paso had been informed and believed that certain parties were stealing cattle from prosecutor's ranch, which was situated near the city of El Paso. Prosecutor and officers had offered a reward for the detection of the thief or thieves. Appellant was found in possession of the cattle in question, immediately after they were stolen, near the city of El Paso. The State introduced Roman Galindo, who testified that he participated with appellant in the taking of the cattle; that appellant had agreed with him to steal said cattle; that at the request of appellant, and with the knowledge and consent of the officers he acted in the transaction. However, he denies he persuaded appellant to steal the cattle. He testified, and is corroborated in the statement, that he was acting with the knowledge and consent of the peace officers; that his only purpose in doing what he did was to detect appellant in the theft and expose him to the law. Appellant in his testimony admitted the theft, but claimed that

Galindo persuaded him to commit it. His own testimony establishes a complete case of theft. Upon this testimony he predicates the defense that, if the cattle were taken, with the express or implied consent of the owner, that he would not be guilty; that Galindo, having the consent of the owner to take the cattle and persuaded him to take the cattle, he would not be guilty of theft. The court charged this defense, as announced in McGee v. State, 66 S. W. Rep., 562.

By bills numbers 2, 3, and 4, appellant complains of the admission of testimony showing that preparation had been made by the officer and the owner of the cattle to detect the thief. This testimony was, by written instructions in the main charge of the court, excluded from the consideration of the jury. This cured any possible error there might have been in its admission. As stated above, appellant admitted that he went into the conspiracy with Galindo to steal these cattle; that he intended to take them across the river and butcher them. So, we see no injury to appellant in this regard.

Bill number 5 shows that the State was permitted to prove that appellant's father-in-law was engaged in selling fresh meat. The bill is defective in not showing the environments surrounding the admission of this testimony. Were we permitted to refer to the statement of facts, it appears that the testimony was pertinent.

He complains of the court's failure to charge on the law applicable to accomplice's testimony, in view of the fact, as appellant insists, that Galindo was an accomplice. We do not think the evidence shows he was an accomplice, but conclusively shows he was merely a detective. Allison v: State, 14 Texas Crim. App., 122. Even conceding Galindo was an accomplice, it certainly would have been harmless error in this case for the court to refuse to charge thereon, in view of the testimony of appellant offered in defense of the theft. And in view of the further fact that the court charged as favorably as appellant could ask upon the question of the consent of the owner to the taking of the cattle. Certainly if the owner consented to the taking of the cattle as indicated in the charge, appellant would not be guilty. This matter was very thoroughly submitted in the main charge. His testimony shows every allegation of the indictment to be true; that he did go in with Galindo and assist in the commission of this crime.

It is further shown by bill of exceptions that State's counsel made a statement to the jury of the nature of the case. This is authorized by the statute. Furthermore any statement made which was injurious to appellant is not specified, and we do not see how he was injured.

We have reviewed appellant's various assignments of error, and in our opinion there is no error in this record.

The judgment is affirmed.

*Affirmed.*

Davdson, Presiding Judge, absent.

[Motion for rehearing overruled without written opinion.—Reporter.]