EUGENE FRANKLIN v. THE STATE.

No. 6059.   Decided January 12, 1921.

1.—Selling Intoxicating Liquors—Purchaser—Accomplice—Statutes Construed.

Article 602, Penal Code, as to accomplice's testimony, applies to local option prohibition, but not to the so-called Dean law for state-wide prohibition enforcing the amended section of the Constitution, which fails to embrace a provision exempting the purchaser of intoxicating liquors unlawfully sold, from the operation of the general rule defining accomplice testimony. Following Phillips v. State, 17 Texas Crim. App., 169, and other cases.

2.—Same—Principals—Accomplices—Statute Construed.

One who buys intoxicating liquors, knowing that they are sold in violation of the law, is *particeps criminis* within the meaning of the statutes, Chapters, 1, 2, and 3, Title III, of the Penal Code, defining principals, accomplices and accessories.

3.—Same—Accomplice—Corroboration—Purchaser—Statutes Construed.

Section 31, Chapter 78, Acts of the Thirty-Sixth Legislature, Second Called Session, declares that it shall be unlawful for any person to purchase for himself or another intoxicating liquors sold or bartered in violation of said Act, and it would seem, therefore, that even if the purchaser was not a principal offender with the seller, his testimony would, by reason of the section named, require corroboration. Following Johnson v. State, 58 Texas Crim. Rep., 244, and other cases.

4.—Same—Accomplice—Corroboration—Statutes Construed.

Article 801, C. C. P., requires the corroboration of accomplice testimony, and Article 602, Penal Code, abrogates this requirement in local option cases, and which is not contained in the so-called Dean Law, and Section 40, of said Dean Law, although giving immunity from punishment, and compelling all offenders to testify, does not obviate the necessity of requiring corroboration.

5.—Same—Indictment—Federal Law—State Law—Conflict—Precedent.

Appellant's motion to quash the indictment, on the ground of conflict between the Volstead Act and the Dean Act, relates to a matter upon which this court has expressed an opinion adverse to said contention. Following Ex Parte Gilmore, recently decided.

Appeal from the District Court of Kaufman.   Tried below before the Honorable Jewel R. Bond.

Appeal from a conviction of unlawfully selling intoxicating liquors under the State-wide prohibition law; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*Wynne & Wynne,* for appellant.

*Alvin M. Owsley,* Assistant Attorney General, for the State.—On question of corroboration of accomplice: Creech v. State, 158 S. W. Rep., 282.

MORROW, JUDGE.—The judgment appealed from condemns the appellant to confinement in the penitentiary for selling intoxicating liquors in violation of the Act of the Legislature known as the Dean Law.   (Chapter 78, Act Thirty-sixth Legislature, Second Called Session).

From the testimony of the only witness used in the case, it appears that he bought from appellant a quart of whisky for beverage purposes under circumstances making it evident that the purchaser knew the transaction was unlawful.

The proposition is advanced that to support the conviction corroboration of the witness was essential.

Referring to Article 602, Penal Code, the State combats the correctness of this contention.   In that statute it is said "when the sale of intoxicating liquor is prohibited in any county, justice precinct or school district, the fact that the person purchases intoxicating liquor from one who sells it in violation of the provisions of this chapter shall not constitute such person an accomplice."   This section of the statute is found in the chapter governing the enforcement of the local option prohibition law, which was passed to give effect to the local option clause of the constitution.   Upon the amendment of the constitution eliminating that clause, the chapter of the Penal Code giving it effect was eliminated subject to the reservation permitting the prosecution of pending cases.

The Dean Law was enacted with the purpose of enforcing the amended section of the constitution.   (See Article 16, Section 20.) The Legislature failed to embrace in the so-called "Dean Law" a provision exempting the purchaser of intoxicating liquors, unlawfully sold, from the operation of the general rule defining accomplices and controlling their testimony.   Under this general rule, as it pertains in this State to witnesses, the term "accomplices" means a person who, either as principal, accomplice, or accessory, is connected with the crime by unlawful act or omission on his part, transpiring either before, at the time of, or after the commission of the offense.   Phil-

lips v. State, 17 Texas App., 169; and other cases collated in Vernon's Tex. Crim. Statutes, Vol. 2, page 732.

In Chapters I, II, and III, Title 3, of the Penal Code, principals, accomplices and accessories are defined; and one is a principal who, "when the offense is actually committed by another, is present and, knowing the unlawful intent, aids by acts or encourages by words, the person actually engaged in the commission of the unlawful act;" and it is said "that any person who advises or agrees to the commission of an offense and who is present when the same is committed is a principal thereto whether he aids or not the illegal act." An accomplice is one who, "before the act is committed, agrees with the principal offender to aid or promises any reward, favor or inducement to procure the commission of the offense." That one who buys intoxicating liquors, knowing that they are sold in violation of the law, is *particeps criminis* within the meaning of the statutes mentioned, as construed by the decisions of this court, seem obvious.

The act of the purchaser in buying the liquor necessarily aids the seller in committing the offense. It may be added that Section 31, Chapter 78, Acts of the Thirty-sixth Legislature, Second Called Session, declares that it shall be unlawful for any person to purchase for himself or another intoxicating liquors sold or bartered in violation of this act. It would seem, therefore, that even if the purchaser was not a principal offender with the seller, his testimony would, by reason of the section named, require corroboration. The fact that the seller is guilty of one offense and the purchaser of another, if that be the proper construction, would not militate against the application of the statute on accomplice testimony. A similar application of the rule arises in cases in which the thief and the receiver of the stolen goods, though committing separate offenses, are each, when they become witnesses against the other, within the purview of Article 801, Code of Criminal Procedure. Johnson v. State, 58 Texas Crim. Rep., 244; Miller v. State, 4 Texas App., 251; Crutchfield v. State, 7 Texas App., 65.

Article 801 of our Code of Criminal Procedure declares that "a conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed." To obviate the effect of this statute in the enforcement of the local option law, the Legislature passed Article 602 to which reference has been made. In the act under which this prosecution is had, no provision similar to Article 602, *supra*, occurs. There is found therein Section 40 which seeks to compel all offenders to testify, when called upon, and to grant immunity from punishment for acts disclosed by the evidence so given. Such testimony would require corroboration under the statutory rule declared in Article 801, *supra*. The ruling of the trial court to the contrary in the instant case, in our opinion, constitutes error requiring reversal of the judgment.

The appellant sought to quash the indictment upon the ground that since the adoption of the Eighteenth Amendment to the United States Constitution and the passage of the law known as the "Volstead Act," the Act of the Legislature upon which the prosecution is founded, being out of harmony with the Federal law upon the subject of intoxicating liquors, in that the State law gave to intoxicating liquors a definition varying from that prescribed by Congress, and also fixed a penalty for the sale of intoxicants different from that fixed by Congress, is void. This relates to a matter upon which the court expressed an opinion adverse to the contention of the appellant in the recent case of Ex parte Gilmore. Because of the error pointed out, the judgment is reversed and the cause remanded.

*Reversed and remanded.*