Will Westbrook v. The State.

No. 5959.    Decided January 26, 1921.

Rehearing granted February 16, 1921.

**1.—Recognizance—Practice on Appeal.**

Where, the form of the recognizance is not the one required upon appeal under Articles 902 and 903, C. C. P., the appeal must be dismissed, but a sufficient bond having been filed, the appeal is reinstated.

**2.—Same—Intoxicating Liquors—Indictment—Incorrect Grammar.**

Where, the indictment charged the selling of intoxicating liquor under the Dean Law, and used the word "or" instead of the word "nor," between the negative expressions in the law, there was no error in overruling the motion to quash.

**3.—Same—Accompilce—Corroboration—Insufficiency of the Evidence.**

Where, upon a violation of the Dean Liquor Law the State's witnesses were shown to have participated in the purchase of said liquor, they were accomplices under Article 801, C. C. P., and their testimony required corroboration, and the judgment for conviction could not be sustained.

Appeal from the District Court of Red River. Tried below before the Honorable Ben H. Denton.

Appeal from a conviction of the sale and manufacture of intoxicating liquors in violation of the State prohibition law; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*F. T. Thompson* and *Sturgeon & Sturgeon,* for appellant.

*Alvin M. Owsley,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—The State has moved to dismiss this appeal for the want of a sufficient recognizance. The only recognizance appearing in the record is as follows: "This day came into open court Will Westbrook, defendant in the above entitled and numbered cause, who together with S. R. Harper, J. R. White and Toney White, Sureties, acknowledge themselves jointly and severally indebted to the State of Texas in the sum of Fifteen Hundred ($1500) conditioned that the said Will Westbrook who stands charged with the offense of a felony, to-wit—Unlawfully selling intoxicating liquors in this court, shall appear before this court from day to day and from term to term of the same and not depart therefrom, without leave of this court, in order to abide a judgment of the Court of Criminal Appeals of the State of Texas in this cause." This appears to be, in form, such a recognizance as is required for the appearance of the accused under Article 315 of our C. C. P., and is not the recognizance required upon appeal under Articles 902 and 903, C. C. P. Same nowhere states that appellant has been convicted of any named offense, either misdemeanor or felony, and is insufficient.

The motion is sustained and the appeal dismissed.

*Dismissed.*

LATTIMORE, JUDGE.—A sufficient appeal bond having been filed, the appeal is re-instated.

Appellant was convicted in the District Court of Red River County of a violation of the Dean Law. Act Second Called Session, Thirty-Sixth Legislature, p. 228. The charge was selling intoxicating liquor. Appellant made a motion to quash the indictment because in that part of same in which the statutory exceptions were negatived by the pleader occurred this expression, "Not for mechanical, scientific, *or* sacramental purposes." It was contended that the word "nor" should have been used where "or" occurred. This motion was overruled. Article 476, Vernon, C. C. P. is as follows: "An indictment shall not be held insufficient, nor shall the trial, judgment, or other proceedings thereon be affected, by reason of any defect or other imperfection of form in such indictment which does not prejudice the substantial rights of the defendant."

Under this statute are grouped many decisions of this court affirming the sensible proposition that incorrect grammar, bad spelling, bad hand writing, the use of words not technically in their correct sense or places will none of them make an indictment bad unless same causes the thing intended to be charged, to lack sense or certainty. The indictment is sufficient.

But two witnesses testified. Without question both of them participated in the purchase of the liquor, the sale of which the appellant is charged with making. Under the Dean law both were therefore guilty of a crime and were accomplices of appellant. There was no other

testimony as to appellant's guilt. Article 801 of our C. C. P. is positive and peremptory in its statement that a conviction cannot be had in this State upon the uncorroborated testimony of an accomplice. Equally well settled is the doctrine that one accomplice cannot corroborate another. This makes it imperative that the judgment be reversed and remanded and it is so ordered.

*Reversed and remanded.*