JAMES THOMAS v. THE STATE.

No. 6152.  Decided March 9, 1921.

Rehearing Granted March 30, 1921.

1.—Final Sentence—Notice of Appeal.

It is a prerequisite to this court entertaining an appeal that there should be a final sentence and notice of appeal shown in the record; however, the record having been corrected, the case will be heard upon its merits.

2.—Same—Accomplice—Purchaser—Intoxicating Liquor—Charge of Court.

Where counsel for appellant requested the court to charge the jury that the purchaser of intoxicating liquor under the provisions of the Dean Law was an accomplice, which the court refused to do, the same is reversible error; besides, there is no semblance of corroboration of accomplice's testimony. Following Franklin v. State, 88 Texas Crim. Rep., 342, and other cases.

Appeal from the District Court of Kaufman.  Tried below before the Honorable Joel R. Bond.

Appeal from a conviction of selling intoxicating liquors under the Dean Law; penalty, one year imprisonment in the penitentiary.

*Wynne & Wynne,* for appellant.—Cited cases in opinion.

*C. M. Cureton,* Attorney General, and *C. L. Stone,* Assistant Attorney General, for the State.

HAWKINS, JUDGE.—The Assistant Attorney General calls attention to the fact that the record in this case fails to show any final judgment, in that there is an absence of a showing that sentence was ever pronounced upon the defendant, or notice of appeal given by him to the Court of Criminal Appeals.  An examination of the record dis-

closes such to be the case. Vernon's C. C. P., Art. 856, and cases therein cited. This is a prerequisite to this court entertaining an appeal.

The appeal is ordered dismissed.

*Dismissed.*

ON REHEARING.

March 30, 1921.

HAWKINS, JUDGE.—The appeal in this case at a former day of the term was dismissed because the record failed to show the final judgment, in that no sentence appeared to have ever been passed upon the appellant. He files a motion for rehearing, attaching thereto a certified copy of the sentence, and requests that the appeal be reinstated and the case disposed of on its merits.

Appellant was convicted for violating what is conveniently termed the provisions of the "Dean Law," and his punishment assessed at one year in the penitentiary.

Only two witnesses testified in the case, the purchaser of the intoxicating liquor, and one other witness by the name of Griffin, who does not pretend to know where the purchaser procured the whisky, he simply stating that he carried the purchaser and another party out on the road and that they got out of the car and walked off, and he did not know where they went, and when they came back they had the whisky.

Counsel for appellant requested the court to charge the jury that the purchaser was an accomplice, which the court refused to do, this case having been tried prior to the decision of this court in the Franklin and Roberts cases. There is not the semblance of corroboration of the accomplice in this case, and under the authority of the Franklin case, 88 Texas Crim. Rep., 342, 227 S. W. Rep., 486, and the P. Roberts case decided at a more recent date and not yet reported, the purchaser of intoxicating liquor under the Dean law is an accomplice, that law having fixed upon the purchaser himself a penalty. The charge requested should have been given, and under the facts of this case as disclosed by the record the court ought to have instructed the jury to return a verdict of not guilty, because there was no testimony in any way corroborating the accomplice.

The former dismissal of this appeal will be set aside, the case reinstated, and the judgment of the trial court reversed and the cause remanded.

*Reversed and remanded.*