JAMES THOMAS v. THE STATE.

No. 6149.  Decided March 9, 1921.

Rehearing granted April 6, 1921.

1.—Selling Intoxicating Liquors—Sentence—Practice on Appeal.

In the absence of a final sentence in the record, the jurisdiction of this court does not attach; however, the record being corrected, the dismissal is set aside.

2.—Same—Accomplice—Corroboration—Charge of Court.

In the absence of the corroboration of the testimony of the accomplice, who purchased the intoxicating liquor, judgment must be reversed and the cause remanded.  Following Franklin v. State, 88 Texas Crim. Rep., 342.

Appeal from the District Court of Kaufman.  Tried below before the Honorable Joel R. Bond.

Appeal from a conviction of unlawfully selling intoxicating liquors; penalty, one year confinement in the penitentiary.

The opinion states the case.

No brief on file for appellant.

R. H. Hamilton, Assistant Attorney General, for the State.

MORROW, PRESIDING JUDGE.—Appellant is convicted for the unlawful sale of intoxicating liquors.  Punishment is fixed at confinement in the penitentiary for one year.

89 Tex.—11

There is no sentence in the record. The sentence is the final judgment and is essential to give jurisdiction to this court. (See Article 856, Code of Criminal Procedure).

The appeal is therefore dismissed.

*Dismissed.*

MORROW, JUDGE.—The order of dismissal heretofore made is set aside and the appeal reinstated.

The conviction is for the unlawful sale of intoxicating liquors · to Tom Scott.

All of the incriminating facts come from the testimony of Tom Scott and his companion Shannon, both of whom, we think, were accomplices, as a matter of law. They were taken to a point near the residence of appellant in an automobile belonging to Johnson. Their purpose was to buy whisky from the·appellant. They got out of the automobile, Scott went to the house of the appellant, and Shannon stopped at a point nearby. Shannon furnished the money, and when Scott brought the whisky to a point where Shannon stood, they both took charge of and used it. There was testimony that they both participated in hiring the automobile.

The companion case, No. 6150, is reversed because of the insufficiency of the evidence. The same result must attend this one. (See Franklin v. State, 88 Texas Crim. Rep., 342, 227 S. W. Rep., 486-487).

The judgment is reversed and the cause remanded.

*Reversed and remanded.*