JAMES THOMAS V. THE STATE.

No. 6150.    Decided March 9, 1921.

Rehearing granted March 30, 1921.

**1.—Violation of State Liquor Law—Recognizance—Felony Case—Rule Stated.**

On an appeal in a felony case, when the record does not contain a recognizance or bail bond, the presumption of this court is unless the opposite is made to affirmatively appear that the appellant is in jail, and the rule contended for by the State applies only to misdemeanor cases; but, the record not containing a final sentence, the appeal must be dismissed. However, the defect being corrected, the case will be considered on its merits.

**2.—Same—Insufficiency of the Evidence—Accomplice—Corroboration—Rule Stated.**

The purchaser of intoxicating liquor who illegally buys the same under the terms of what is known as the Dean Law, being equally guilty of a violation of said law by reason of said purchase, becomes an accomplice and a conviction upon his testimony cannot be supported unless the same is corroborated as required by law. Following Westbrook v. State, 88 Texas Crim. Rep., 466, recently decided.

Appeal from the District Court of Kaufman. Tried below before the Honorable Joel R. Bond.

Appeal from a conviction of a violation of the Dean Law; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*Wynne & Wynne,* for appellant.

*C. M. Cureton,* Attorney General, and *C. L. Stone,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Kaufman County of the offense of possessing liquor under the terms of what is known as the Dean Law, Acts Second Called Session, Thirty-sixth Legislature, page 228, and his punishment fixed at confinement in the penitentiary for a term of one year.

The State has filed a motion asking for the dismissal of this case because the record shows neither a recognizance nor the fact that appellant is in jail. The authorities cited by the State in support of this motion will be found upon examination to be misdemeanor cases, and we understand the rule contended for by the State to apply only to misdemeanor cases. On appeal in a felony case when the record does not contain a recognizance and bail bond, the presumption of this court is, unless the opposite is made to affirmatively appear, that

89 Tex.—9

the appellant is in jail. That portion of the motion of the State is therefore denied.

The State also moves to dismiss this appeal because the record does not contain a sentence. An examination of the record shows this ground of the motion to be well taken.

For the reason that the record contains no sentence, the appeal will be dismissed.

*Dismissed.*

ON REHEARING.

March 30, 1921.

LATTIMORE, JUDGE.—This case was dismissed by us at a former day of this term because of the fact that the record did not contain a sentence. This defect in the record has now been corrected, and the case will be considered on its merits.

The case must be reversed because of the insufficiency of the testimony to support the judgment. A witness named Tom Scott testified that on a certain night S. M. Johnson drove witness and one Mr. Shannon out to a certain point on the railroad where he and Stannon got out of the car and went in the direction of appellant's house. That when they got within about one hundred and fifty yards of the house Shannon stopped and witness went alone to the house of Thomas and went into the house and bought from Thomas certain whisky. The witness Shannon testified that he went with Scott on the night in question, but did not go to the house of appellant, and did not see appellant or know from whom Scott got the whisky which he brought back from said house. Witness Johnson testified that he drove Shannon and Scott out to a certain point, and they left his car and came back presently with some whisky. That he did not know from whom they obtained same. We have held that the purchaser of liquor who illegally buys the same under the terms of what is known as the Dean Act, being equally guilty of a violation of said law by reason of said purchase, becomes an accomplice, and that a conviction upon his testimony cannot be supported unless the same is corroborated as required by law. Westbrook v. State, 88 Texas Crim. Rep., 466, No. 5959, decided at this term. It is well settled that in order to be sufficient, the corroborating evidence must of itself tend to connect the accused in a guilty way with the transaction in question. There is no testimony in this record aside from that of Scott which indicates any person or individual from whom he obtained the liquor, and we would hold, therefore, that the evidence of Scott is without corroboration, and for this reason the judgment of the trial court must be reversed and the cause remanded, and it is so ordered.

*Reversed and remanded.*