CLYDE CHANDLER v. THE STATE.

No. 6257.   Decided May 11, 1921.

**1.—Intoxicating Liquors—Sale—Accomplice—Charge of Court.**

The term "accomplice" includes all persons connected with the offense by unlawful act or omission transpiring either before, at the time of, or after the commission of the offense, and whether such witness was present or participating in the crime or not. Following Irvin v. State, 1 Texas Crim. App., 203, and other cases; and in the instant case the testimony of defendant's companion required an instruction on accomplice testimony. Following McElroy v. State, 53 Texas Crim. Rep., 59, and other cases.

**2.—Same—Accomplice.**

Where the State's witness was an accomplice as a matter of law, the court, should have instructed the jury that his testimony, uncorroborated, could not form the basis of the conviction. Distinguishing Huggins v. State, 85 Texas Crim. Rep., 205.

Appeal from the District Court of Kaufman. Tried below before the Honorable Joel R. Bond.

Appeal from a conviction of the unlawful sale of intoxicating liquors; penalty, imprisonment in the penitentiary for one year.

The opinion states the case.

*Ross Huffmaster, Wynne & Wynne,* and *Miller & Miller,* for appellant.

*R. H. Hamilton,* Assistant Attorney General, for the State.

MORROW, Presiding Judge.—Conviction is for the unlawful sale of intoxicating liquors; punishment fixed at confinement in the penitentiary for one year.

The testimony is identical with that given in the case of Clyde Chandler v. State, No. 6255, in which case the appellant was charged with the possession of intoxicating liquors.

The State relied upon the testimony of Holley, who declared that he had purchased whisky from the appellant, and upon the testimony of his companion Jenkins, who testified to facts which showed such connection with the transaction as was sufficient to raise the issue of fact as to whether he was or was not an accomplice witness within the meaning of the statute. See Article 801, Code of Crim. Procedure.

"The term 'accomplice' when applied to a witness who testifies in behalf of the State has a distinct and different meaning from its technical definition in the Penal Code." (Branch's Ann. Tex. Penal Code, Sec. 702).

As applied to a witness, the term "includes all persons connected with the offense by unlawful act or omission, transpiring either before, at the time of, or after the commission of the offense, and whether such witness was present or participating in the crime or not." Irvin v. State, 1 Texas Crim. App., 303, and other cases cited in Branch's Ann. Tex. Penal Code, Sec. 702, subdivision 1. Innocent connection with the offense, while it will not render the witness an accomplice requiring corroboration, will often raise the issue of fact as to the character of his participation. Robbins v. State, 33 Texas Crim. Rep., 573. And where the issue is a doubtful one, its solution is for the jury under proper instruction. McElroy v. State, 53 Texas Crim. Rep., 59. In the instant case, whether Jenkin's relation to the case was such as required corroboration was a question of fact. Holley, however, was an accomplice witness, as a matter of law.

An instruction was requested defining an accomplice and instructing the jury that Holley was an accomplice, and that his testimony uncorroborated could not form the basis of conviction. His testimony being essential to sustain the State's case, the error in refusing this requested charge requires a reversal of the judgment. The Assistant Attorney General concedes that this result must follow.

The learned trial judge basis his refusal to give the instruction upon the case of Huggins v. State, 85 Texas Crim. Rep., 205, 210 S. W. Rep., 804. The court apparently misinterpreted the construction of the statute made in the opinion in that case. Moreover, the facts were different. The witnesses were not like Holley, accomplices as a matter of law, but were at most like Jenkins, in a position in which the jury might have found them to be within the statute re-

quiring corroboration. No request was made for a charge upon accomplice testimony. There was other testimony besides that of the accomplices. From the opinion, we take the following quotation:

"No request for the submission of the questions whether the rule of accomplice testimony governed the State's witnesses having been made, their status would not be available to appellant upon appeal, unless they came within the accomplice rule as a matter of law and there was not sufficient corroboration. We do not think they were accomplices as a matter of law. Sanchez v. State, 48 Texas Crim. Rep., 591, 90 S. W., 641, 122 Am. St. Rep., 772; Wright v. State, 7 Texas App., 574, 32 Am. Rep., 599; Allison v. State,, 14 Texas App., 122; Tones v. State, 48 Texas Crim. Rep., 368, 88 S. W., 217, 1 L. R. A. (N. S.), 1024, 122 Am. St. Rep., 759. If the contrary were true, however, we think the circumstances detailed in appellant's testimony afforded sufficient corroboration."

Because of the error in refusing the requested charge upon the law of accomplice testimony, the judgment is reversed and the cause remanded.

*Reversed and remanded.*