CLYDE CHANDLER v. THE STATE.

No. 6255.   Decided June 22, 1921.

1.—Intoxicating Liquors—Posssession—Accomplice.

Where, upon trial of unlawful possession of intoxicating liquors, one of the State's witnesses was an accomplice as a matter of law, and his uncorroborated testimony would not support a conviction, but the other State's witness, whose testimony tended to connect the defendant with the commission of the offense and who was not an accomplice as a matter of law, and no requested charge to submit this question of fact to the jury appeared in the record on appeal. the jury were privileged to find that said last witness was not an accomplice, and the conviction was sustained.

2.—Same—Rehearing—Former Jeopardy—Distinct Offenses.

Selling intoxicating liquor is a distinct offense from possessing such liquor under the Dean Law. The two acts, that is, selling and possession, are separate acts under the law, and there was no error in the court's failure to submit the question of former jeopardy in the instant case, although defendant had been convicted for the sale of such intoxicating liquor. Distinguishing Thomas v. State, 230 S. W. Rep., 159.

3.—Same—Accomplice Testimony—Rule Stated.

Upon trial of having unlawful possession of intoxicating liquors, there was no error in failing to charge on accomplice's testimony where the record showed that appellant was in possession of other liquor than that sold and about which the accomplice testimony was admitted in evidence.

4.—Same—State and Federal Law.—Precedent—Conflict of Law.

Where the contentions relative to the apparent conflict between the State and national liquor laws have been heretofore adversely decided to defendant's contention, they need not be again considered.

Appeal from the District Court of Kaufman. Tried below before the Honorable Joel R. Bond.

Appeal from a conviction of unlawful possession of intoxicating liquors; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*Miller & Miller, Huffmaster & Huffmaster,* and *Wynne & Wynne,* for appellant.—On question of former jeopardy. Etheridge v. State, 173 S. W. Rep., 1031; Thomas v. State, 230 S. W. Rep., 159.

*R. H. Hamilton,* Assistant Attorney General, for the State.

MORROW, Presiding Judge.—Conviction is for the unlawful possession of intoxicating liquors.

Holley testified, in behalf of the State, that after going to the home of John Chandler, and failing to find him, he, in company with Jenkins, went to see John Chandler at another place, learning from him that on his premises, there was a cotton picker named Slim who could furnish the witness with some whisky. The witness, on going to the home of John Chandler, saw Clyde Chandler and Slim and discussed the purchase of a quart of whisky. Clyde and Slim went into the house, leaving the witness outside. Later, they called him in, and upon entering the room, he found some whisky in fruit jars. He left some money and took the whisky.

Jenkins testified that he accompanied Holley to the home of John Chandler and saw Holley talk to him but heard no part of the conversation; that upon their return to John Chandler's home, he saw Slim and Clyde Chandler, Clyde having a bucket in his hand. They went to the well and then to the house. Upon leaving, Holley was in possession of some whisky, of which the witness took a drink. Jenkins admitted that he drank some of the liquor, but claimed that he had no connection with the purchase and no knowledge of Holley's intention to obtain the intoxicant.

Holley's connection with the offense made him an accomplice witness, as a matter of law. Franklin v. State, 88 Texas Crim. Rep., 342, 227 S. W. Rep., 486. His testimony, uncorroborated, would not support the conviction. Code of Crim. Procedure, Art. 801. The

facts related by Jenkins tended to connect appellant with the commission of the offense, and unless Jenkins was an accomplice, the evidence is sufficient to support the verdict.

There are facts revealed which would have justified the court in calling upon the jury to determine whether Jenkins was an accomplice witness or not; and on request, he would have been obliged to so charge the jury. Huggins v. State, 85 Texas Crim. Rep., 205, 210 S. W. Rep., 804. Jenkins was not an accomplice, as a matter of law. He disclaimed any participation in the offense or any knowledge of the unlawful intent of Holley or of the appellant. From his testimony, his sole connection with the transaction consisted in his presence and the fact that he took a drink of the whisky which was in Holley's possession. Upon this testimony the jury was privileged to find that he was not an accomplice witness. The verdict implies that this was done.

The evidence, we think, is sufficient to show that the appellant's possession of the liquor was for the purpose of making an unlawful sale. The definite testimony of Holley, who was an accomplice, being sufficiently corroborated by the testimony of Jenkins, who is not shown to have been an accomplice, renders the evidence sufficient to support the conviction.

The judgment is therefore affirmed.

*Affirmed.*

### ON REHEARING.

### June 22, 1921.

LATTIMORE, JUDGE.—Appellant's motion for rehearing is predicated on the proposition that one may not be convicted of possessing intoxicating liquor, if he had theretofore been convicted or acquitted of the sale of the same liquor, and that a special charge, in the instant case, presenting the matter of his former conviction for the sale of such liquor as a bar to a conviction for the possession thereof, should have been given; and that an exception to the main charge for failure to submit the question of jeopardy in the instant case, as growing out of the fact that he had theretofore been convicted for selling the liquor for which he is here prosecuted as a possessor, was well taken.

Selling intoxicating liquor is a distinct offense. Possessing such liquor is a different offense under the specific descriptions of those acts made punishable by what is known as the Dean law, Acts Second Called Session, Thirty-sixth Legislature, p. 228. The two acts, that is selling and the possessing, can be seen at a glance to be in fact as well as in law, separate acts. A man may possess any quantity of liquor, enough to debauch a community,—and give it away and dispose of it as he pleases without selling a drop. So a man might sell that which belonged to him and which at the time of its sale was in the actual

manual possession of another. The fact that possession and delivery commonly accompany a sale, do not make the two equivalent or the same transaction in law or fact so as to make the doctrine of carving apply and prevent separate prosecutions and convictions. Breaking a house and stealing therefrom, are closely connected but a conviction for one is not a bar to the other; so also forgery and the passing of a forged instrument may both be accomplished in five minutes, but are separate and distinct offenses. We think no error is shown in any of the contentions mentioned.

We find nothing in the case of Thomas v. State, 89 Texas Crim. Rep. 110, 230 S. W. Rep., 159, which supports the contention of appellant.

There was no error in failing to charge on accomplice testimony in the instant case. The record shows appellant in possession of other liquor than that sold. The law of accomplice testimony in a case wherein the charge is possession of liquor, some portion of which is sold by the accused, could only be held to apply to that part of the liquor sold to the witness, and would not apply to the testimony of said witness as to other liquor then in his possession. We might illustrate this by referring to the case of one who assists in the theft of an animal, and when said animal is carried to the premises of one of said thieves or found thereon, a number of other stolen animals are found in possession of said thief with which, it might be made clear, the accomplice in the theft of the one head of cattle, had no connection. He would not be an accomplice as to the theft of the other animals found in possession of said thief, and with the taking of which he had no connection. When a witness testifies in a prosecution for the sale of liquor, or the possession only of that liquor bought by such purchaser, we believe that the witness is an accomplice and the law of accomplice testimony is applicable. We cannot apply to liquor prosecutions different rules from those which apply to other criminal cases, unless directed so to do by statute. It is a well settled rule that one who connects himself with a criminal enterprise at any stage becomes an accomplice as to what has gone before. It is equally well settled that one who receives stolen property is an accomplice, and if he testifies for the State on the trial of the party from whom he received said stolen property, he is held to be an accomplice and the law of accomplice testimony should be given in charge, even though it should appear that the theft of the article was entirely completed before his connection therewith. In the instant case appellant was shown without contradiction to have been in possession of other liquor besides that bought by the witness who testified against him on the instant charge of possessing, and we therefore do not think the case falls within any of the rules of accomplice testimony.

As to the other contentions relative to the apparent conflict between the State and national liquor laws, they have all been considered and decided adversely to appellant in the decisions of this court.

Finding no error in the original opinion the motion for rehearing is overruled.

*Overruled.*