## JEP NEWTON v. THE STATE.

No. 6410.   Decided November 2, 1921.

Rehearing denied January 18, 1922.

**1.—Sale of Intoxicating Liquors—Evidence—Accomplice.**

Where the rejected evidence was harmless error, as far as it concerned the accomplice, and had no legitimate bearing on the proposition that the other party concerned was an accomplice, there was no reversible error.

**2.—Same—Evidence—Immateriality of Testimony.**

There was no materiality in the testimony rejected, inasmuch that both parties to whom defendant sold the liquor had themselves testified that they had no special agreement with reference thereto.

**3.—Same—Accomplice—Charge of Court.**

Where, upon trial of sale of intoxicating liquors, the evidence showed that the purchaser of the liquor who was an accomplice under the law, and the party who was working for him at the time of the purchase were in no way interested together in said purchase, but that this other party had only consumed a part of the liquor after the purchase, the evidence did not raise the question of accomplice as to the said other party, and there was no error in the court's failure to charge thereon.

**4.—Same—Rehearing—Accomplice—Requested   Charge—Practice   in   Trial   Court.**

Where, upon trial of the sale of intoxicating liquors, the evidence showed that the person whom defendant insisted was an accomplice was not so, as a matter of law, and that the court was not requested to cause the jury to determine under the facts that he was so connected with the crime as to classify him as an accomplice witness, there was no reversible error. Following Sanchez v. State, 48 Texas Crim. Rep., 591, and other cases.

Appeal from the District Court of Kaufman. Tried below before the Honorable Joel R. Bond.

Appeal from a conviction of the sale of intoxicating liquors; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Wynne & Wynne,* and *Cooley & Crisp,* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Kaufman County of selling liquor, and given two years in the penitentiary.

By his bill of exceptions No. 1 complaint is made that appellant was not allowed to ask witness Scott in reference to how many times he had had whisky in his store since November, 1920, the following question: "Was it such a frequent thing that you can not remember the number of times? Is that the reason you don't know?" If the purpose of the evidence was to show that Scott was an accomplice, this was sufficiently shown. If its purpose was to attempt to show that Scott's clerk, one Clarkson, was also an accomplice, we would hold that an affirmative answer on the part of Scott to such question would have no legitimate bearing on the proposition that Clarkson was an accomplice.

The question to Scott to the effect that he knew that it had happened in the past, that when he had whisky in the store Clarkson could drink it, and vice versa, sought to elicit no material fact, Scott and Clarkson testified that when either of them had whisky in the store the other was welcome to help himself.

We do not see any ground for complaint in that when Scott was on the stand he was not allowed to state that what whisky Clarkson had was also hidden in the back of the store. The record discloses that both Scott and Clarkson testified fully to their individual purchase of liquor, and Scott said that he hid his but that Clarkson had so little that he did not know whether he hid it or not.

The question to Clarkson as to whether he and Scott had ever had a conversation with reference to being out of whisky and later one of them going out and getting some, was too indefinite and shed no light on the issue relating to the sale under investigation.

Scott had a furniture business and Clarkson worked for him. On the occasion of the sale in question Scott went into a garage and bought a fruit jar of whisky from appellant, agreeing to pay him therefor ten dollars. They took the jar back to Scott's store where appellant was paid. Clarkson was at work in the store and saw Scott make payment. He testified that later he drank some of the liquor. He was a witness for the State. By cross-examination of Scott and Clarkson appellant sought to show that Clarkson had an interest in the liquor such as would make him an accomplice. This was denied by both Scott and Clarkson who stated that they each at times had

liquor at the store, and when there it was at the free use of the other, but that at no time had they joined in any purchase or contributed thereto, or that they had any kind of agreement or understanding that any liquor purchased by one was for the benefit or at the expense of both. Clarkson is not shown to have had any interest in the liquor, the sale of which constitutes the violation of the law here charged, and the question of his being an accomplice was not raised by any evidence. The trial court charged that Scott was an accomplice.

The authorities cited by appellant are those in which there was evidence showing an acting together or connection in the transaction instanced, such as would fairly raise the question of participation in the criminal enterprise and justify the submission of the issue by the court, but we do not think any of said authorities support the proposition on facts similar to those in the instant case.

The judgment of the trial court will be affirmed.

*Affirmed.*

ON REHEARING,

January 18, 1922.

MORROW, PRESIDING JUDGE.—We have reviewed the record in the light of appellant's motion for rehearing.

We think there was no evidence excluded of which appellant could justly complain. Practically all of the material evidence offered touching the connection of the witness Clarkson with the offense and bearing upon his status as an accomplice witness was received by the court. He was not an accomplice as a matter of law. The court was not requested to cause the jury to determine whether, under the facts, he was so connected with the crime as to classify him as an accomplice witness. In the absence of such a request, it must be presumed, in support of the judgment, that the jury did not regard him as an accomplice. His evidence is therefore available on appeal to support the judgment, and in connection with the other evidence is sufficient. Sanchez v. State; 48 Texas Crim. Rep., 591, and other cases listed in Chandler v. State, 89 Texas Crim. Rep., 599, 230 S. W. Rep., 1002.

The motion for rehearing is overruled.

*Overruled.*