Cecil Townsend v. The State.

No. 6496. Decided November 30, 1921.

Rehearing denied January 11, 1922.

**1.—Intoxicating Liquors—Sale—Accomplice Testimony—Corroboration—Rule Stated.**

It is statutory that no matter how much credence the jury may give to the testimony of one who is an accomplice or to any number who are accomplices, the accused cannot be convicted on such testimony, unless there be corroborative evidence which in and of itself tends to connect the accused with the commission of the offense, and the corroboration is not sufficient if it merely shows that a crime has been committed; and applying this rule to the instant case, the evidence falls short of a sufficiency of the testimony to corroborate the accomplices.

**2.—Same—Rehearing—Corpus Delicti—Corroboration—Circumstantial Evidence—Identification.**

Where the offense is proved by accomplices, the conviction cannot be sustained unless their testimony of the corpus delicti is corroborated, and there is other testimony tending to connect the defendant with the commission of the offense. Following Slaughter v. State, 86 Texas Crim. Rep., 527, and other cases, and where the evidence is circumstantial, and the identity of the defendant is left in doubt, the conviction cannot be sustained.

Appeal from the District Court of Smith. Tried below before the Honorable J. R. Warren.

Appeal from a conviction of selling intoxicating liquors; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Gentry & Gentry,* for appellant.—On question of corroboration; Johnson v. State, 208 S. W. Rep., 170. Hanson v. State, 11 id., 37.

*R. G. Storey,* Assistant Attorney General for the State, and *Brady P. Gentry,* County Attorney, on Rehearing.—The latter cited, on question of corroboration: Williams v. State, 199 S. W. Rep., 296; Nash v. State, 134 id., 708.

LATTIMORE, Judge.—Appellant was convicted in the District Court of Smith County of selling intoxicating liquor in violation of the Dean Law, and his punishment fixed at confinement in the penitentiary for two years.

We do not deem it necessary to discuss any question save that of the sufficiency of the evidence. The conviction rested largely upon the testimony of certain witnesses who purchased the alleged liquor, and, therefore, were accomplices. These parties said they saw appellant on the street and made arrangements with him to get them some whisky, and that later he came to an appointed place in a Studebaker car, and that one of them went to said car and got from appellant a fruit jar containing the liquor. It is statutory that no matter how much credence the jury may give to the testimony of one who is an accomplice, or to any number who are accomplices, the accused cannot be convicted on such testimony unless there be corroborative evidence which in and of itself tends to connect the accused with the commission of the crime, and the corroboration is not sufficient if it merely shows that a crime has been committed. Art. 801, Vernon's C. C. P. In testing the sufficiency of evidence offered as such corroboration, resort has often been had to a consideration of such evidence alone in order to see if there be in it any fact which tends to point to the accused as the criminal. Roach v. State, 8 Texas Crim. App., 478; Welden v. State, 10 Texas Crim. App., 400; Blakely v. State, 24 Texas Crim. App., 625; Chandler v. State, 89 Texas Crim. Rep., 309, 230 S. W. Rep., 1000.

. Applying this rule, we find that the evidence aside from that of the accomplices shows that on the night of March 11, 1921, some one drove a Studebaker car No. 500237 up to a point in the city of Tyler near a Ford car, and that George Davis, one of the accomplice witnesses went from the Ford car to the Studebaker and that some one in the Studebaker car gave him a package; that the Studebaker car No. 500237 belonged to appellant's brother, and that appellant drove that car more frequently than any one else. No one identified the driver of the Studebaker car or suggested that it was appellant. No description was given of the man driving it. It is shown that others drove said car. We confess our inability to see in this any fact which would fairly tend to point out appellant as having committed the crime of selling intoxicating liquor. Chandler v. State, 89 Texas Crim. Rep., 309, 230 S. W. Rep., 1000-1001.

Because of the insufficiency of the testimony to corroborate that of the accomplices the judgment will be reversed and the cause remanded.

*Reversed and remanded.*

ON REHEARING

January 11, 1922.

MORROW, Presiding Judge.—The offense is proved by accomplices. The conviction cannot be sustained unless (a) the accomplice testimony of the *corpus delicti* is corroborated, and (b) there is other testimony tending to connect the appellant with the commission of

the offense. Crowell v. State, 24 Texas Crim. App., 410; Hanson v. State, 27 Texas Crim. App., 140; Truelove v. State, 44 Texas Crim. Rep., 389 Ruling Case Law, vol. 1, p. 169; Slaughter v. State, 86 Texas Crim. Rep., 527.

To corroborate the accomplices to the point that the offense was committed by some one, the testimony of the non-accomplice witness shows that he saw a package containing a fruit-jar delivered to the accomplices in a manner and at a time and place coinciding with their testimony. The contents of the package were unknown to the non-accomplice witness.

If it be assumed that the corroboration was sufficient to establish the fact that the offense was committed, the question remaining: "Did the corroborating evidence meet the demand of the statute requiring that the corroboration tend to connect the accused with the commission of the offense?" Upon the identity of the appellant as the person who delivered the package to the prosecuting witness the evidence is circumstantial.

To the inquiry of the alleged purchaser whether appellant knew where he could get whisky, he replied that he did not. Appellant's brother owned a Studebaker automobile which was used as a service car and generally driven by the appellant, though sometimes by the brother. A few minutes after talking to the alleged purchaser, appellant talked to, over the telephone, and went, in the car mentioned, with another person to the Fair Grounds, reappearing at the place where the car usually stood about forty minutes later. At sometime between eight and ten o'clock, a state's witness, other than the accomplice, saw some person sitting on the driver's seat in the Studebaker automobile of the number and make of that belonging to appellant's brother and deliver a package to the alleged purchaser of the whisky. The identity of the appellant as such person was essential to the State's case. Admittedly, appellant's brother owned and sometimes drove the car. The corroborating witness does not assume to say that on the occasion mentioned the appellant was driving it, nor does he state that the person who delivered the package was alone in the car. The car was used for carrying passengers, and so far as the evidence reveals, the one who delivered the package may have been a passenger, or appellant's brother.

To meet the measure of the law, it is necessary, on the present record, that the evidence exclude to a moral certainty the theory that the person delivering the package was other than the appellant.

The motion is overruled.

*Overruled.*