LON CRAIG v. THE STATE.

No. 6828.    Decided April 5, 1922.

**Intoxicating Liquor—Sale—Accomplice—Charge of Court.**

Where, upon trial of the sale of intoxicating liquors, the court refused to treat certain state's witnesses as accomplices and refused to charge thereon, same was reversible error.

Appeal from the District Court of Comanche. Tried below before the Honorable J. R. McClellan.

Appeal from a conviction of the unlawful sale of intoxicating liquors; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*Calloway & Calloway*, for appellant.—On question of accomplice: Thomas v. State, 230 S. W. Rep., 160; Styles v. State, 232 id., 805; Chandler v. State, 230 id., 1002.

*R. G. Storey*, Assistant Attorney General, for the State.

MORROW, Presiding Judge.—The conviction is for the unlawful sale of intoxicating liquor.

The State's witness, Howard, testified that he resided at Comanche; that he and the witness, Hood, went together in an automobile to the village of Hasse in the night-time, where the appellant, Craig, got into the car with them, and the three went to a point some miles from the village, when Craig got out of the car, and in a short time returned with a half gallon of whisky, for which the witness, Howard, paid him twelve dollars. He and Hood then got into the car and returned to Comanche. On their way, they met several other parties who were interested in the purchase of the liquor.

Hood's testimony was in substance like that given by Howard, save that he stated that when they reached the point where they obtained the whisky, both Howard and appellant got out of the car, and returned together with the whisky; that he did not see the payment made.

Lambert, on behalf of the State, testified in substance as did Hood.

Self testified that he lived in DeLeon; that he and some others went to Comanche for the purpose of obtaining some whisky; that they met the witness Howard, who stated that he could get them some whisky, and a purse of $12.50 was then made up for the purpose of buying it. The money was placed in the possession of Hood, one of the contributors, who, with Howard, went in the car to Hasse while the witness and other companions who were interested in the purchase and some of their friends awaited the return of Howard and Hood. When they arrived with the whisky, the parties all engaged in drinking it. One of the parties, Lambert, according to this witness, did not pay his pro rata of the contribution, but promised to do so.

The court treated Howard as an accomplice but refused to so treat the witnesses, Hood, Lambert and Self. Because of this error, the Assistant Attorney General for the State concedes that the judgment should be reversed. We are of the same opinion. See Code of Crim. Proc., Art. 801; Chandler v. State, 89 Texas Crim. Rep., 309,

230 S. W. Rep. 1002; Thomas v. State, 89 Texas Crim. Rep. 129, 230 S. W. Rep. 159 and 160; Cecil Townsend v. State, 90 Texas Crim. Rep., 552, 236 S. W. Rep., 100; recently decided.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*