## Lon Craig v. The State.

No. 6827.          Decided November 1, 1922.

**1.—Selling Intoxicating Liquor—Accomplice—Corroboration.**

Where the indictment charged the sale of intoxicating liquor to have been made to the party alleged as purchaser at a time prior to the amendment of the Thirty-seventh Legislature, the purchaser at that date was an accomplice, and his testimony required corroboration, and in the absence of the same judgment must be reversed and the cause remanded. Following Chandler v. State, 89 Texas Crim. Rep., 309, and other cases.

2.—Same—Accomplice—Corroboration—Rule Stated.

Where, under the facts of the instant case, all of the three participants, in the alleged purchase and sale of intoxicating liquor were accomplices, they could not corroborate one another.

Appeal from the District Court of Comanche. Tried below before the Honorable J. R. McClellan.

Appeal from a conviction of selling intoxicating liquor; penalty, two years' imprisonment in the penitentiary.

The opinion states the case.

*Callaway & Callaway*, for appellant.—On question of accomplice and corroboration: Phillips v. State, 17 Texas Crim. App., 169; Ortis v. State, 18 Texas Crim. App., 282; Hunnicutt v. State, 18 Texas Crim. App., 521; Johnson v. State, 125 S. W. Rep., 16; Newton v. State, 138 S. W. Rep., 708, and cases cited in opinion.

*R. G. Storey*, Assistant Attorney General, for the State.—Cited cases in the opinion.

HAWKINS, JUDGE.—Appellant was convicted of selling intoxicating liquor, with punishment of two years in the penitentiary.

The indictment charges the sale to have been made to Alford Malone at a time prior to the amendment of the Thirty-seventh Legislature. The purchaser at the date of the sale was an accomplice. Westbrook v. State, 88 Texas Crim. Rep., 466, 227 S. W. Rep., 1104; Robert v. State, 88 Texas Crim. Rep., 488, 228 S. W. Rep., 230; Thomas v. State, 89 Texas Crim. Rep., 108, 230 S. W. Rep., 158; Thomas v. State, 89 Texas Crim. Rep., 129, 230 S. W. Rep., 159; Thomas v. State, 89 Texas Crim. Rep., 161, 230 S. W. Rep., 160. The only question raised is to the insufficient corroboration of the witness Malone, and the Assistant Attorney General admits error in this respect under the foregoing authorities and under Chandler v. State, 89 Texas Crim. Rep., 309, 230 S. W. Rep., 1002, Townsend v. State, 90 Texas Crim. Rep., 552, 236 S. W. Rep., 100.

Malone and Lambert were trying to find some one from whom they could buy whisky. To this end they secured the services of Stone, who went with them, found appellant, conducted all negotiations with him and was equally active with Malone and Lambert in procuring the whisky, save that Malone actually paid over the purchase price. Malone claimed that Lambert put in part of the money; this was denied by Lambert, who asserted that he was equally anxious to get the whisky and was doing all he could to locate a seller, but that he was "broke," and told Malone to pay for it, and that he (Lambert) would later pay his part. Under the facts of this case we are of opinion that under the authorities cited all three of the participants

were accomplices.   They could not corroborate one another.

For the reasons stated the judgment must be reversed and the cause remanded.

*Reversed and remanded.*