## CRAIG v. STATE. (No. 6827.)

(Court of Criminal Appeals of Texas. Nov. 1, 1922.)

Criminal law ⊚⟶507(1), 511(10)—Party negotiating, but not selling or receiving intoxicants, or buying intoxicants, but not at same time paying cash therefor, is accomplice; one accomplice cannot corroborate another.

Where two parties, wishing to buy whisky, procured a third, who found defendant, the seller, and conducted the negotiations, save that one of the two paid defendant, and where the second was "broke," but would pay later, all three were, prior to Dean Law (Gen. Laws 1921, First Called Sess. c. 61 [Vernon's Ann. Pen. Code Supp. 1922, art. 588¼, et seq.]) accomplices, and they could not corroborate one another.

Appeal from District Court, Comanche County; J. R. McClellan, Judge.

Lon Craig was convicted of selling intoxicating liquor, and he appeals. Judgment reversed, and cause remanded.

Callaway & Callaway, of Comache, for appellant.

R. G. Storey, Asst. Atty. Gen., for the State.

HAWKINS, J. Appellant was convicted of selling intoxicating liquor, with punishment of two years in the penitentiary.

The indictment charges the sale to have been made to Alford Malone at a time prior to the amendment of the Thirty-Seventh Legislature. The purchaser at the date of the sale was an accomplice. Westbrook v. State, 88 Tex. Cr. R. 466, 227 S. W. 1104; Robert v. State, 88 Tex. Cr. R. 488, 228 S. W 230; Thomas v. State, 89 Tex. Cr. R. 108, 230 S. W. 158; Thomas v. State, 89 Tex. Cr. R. 129, 230 S. W. 159; Thomas v. State, 89 Tex. Cr. R. 161, 230 S. W. 160. The only question raised is to the insufficient corroboration of the witness Malone, and the Assistant Attorney General admits error in this respect under the foregoing authorities and under Chandler v. State, 89 Texas Cr. R. 309. 230 S. W. 1002, and Townsend v. State, 90 Tex. Cr. R. 552, 236 S. W. 100.

Malone and Lambert were trying to find some one from whom they could buy whisky. To this end they secured the services of Stone, who went with them, found appellant, conducted all negotiations with him, and was equally active with Malone and Lambert in procuring the whisky, save that Malone actually paid over the purchase price. Malone claimed that Lambert put in part of the money; this was denied by Lambert, who asserted that he was equally anxious to get the whisky, and was doing all he could to locate a seller, but that he was "broke," and told Malone to pay for it, and that he (Lambert)

would later pay his part. Under the facts of this case we are of opinion that under the authorities cited all three of the participants were accomplices. They could not corroborate one another.

For the reasons stated, the judgment must be reversed, and the cause remanded.