### L. D. STANFORD v. THE STATE.

#### No. 8978.   Delivered January 14, 1925.

#### Rehearing denied, March 4, 1925.

1.--Transporting Intoxicating Liquors—Recognizance—Defective—Appeal Dismissed.

Where a recognizance, as it appears in the record, does not recite that appellant stands convicted of any offense, it is not in conformity with Art. 903 of the C. C. P. and on motion of the state, the appeal will be dismissed. See Westbrook v. State, 88 Tex. Crim. Rep. 466, 227 S. W. 1104.

ON REHEARING.

2.—Same—Sentence—Must be Shown in Record.

On motion for rehearing we fail to find any sentence copied in the transcript, and this court is without jurisdiction, and the appeal is dismissed. See Art. 856, C. C. P; Vernon's Tex. Crim. Stats., Vol. 2, p. 851, and cases collated.

Appeal from the District Court of Donley County.   Tried below before the Hon. R. L. Templeton, Judge.

Appeal from a conviction for the transportation of intoxicating liquor; penalty, one year in the penitentiary.

The opinion states the case.

No brief filed for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

HAWKINS, JUDGE.—The conviction is for the transportation of intoxicating liquor with punishment of one year in the penitentiary.

The state has filed a motion to dismiss the appeal because of an insufficient recognizance. As it appears in the record it contains no

recital that appellant stands convicted of any offense. It is not in conformity with Article 903 of the Code of Criminal Procedure. The defect is in all respects the same as that pointed out in Westbrook v. State, 88 Texas Crim. Rep. 466, 227 S. W. 1104, which was held fatal to the appeal.

The state's motion must be sustained, and the appeal is ordered dismissed.

*Dismissed.*

### ON MOTION FOR REHEARING.

MORROW, Presiding Judge.—The conviction is for the unlawful transportation of intoxicating liquor; punishment fixed at confinement in the penitentiary for one year.

We fail to find any sentence copied in the transcript. In the absence of the sentence, this court is without jurisdiction. See Art. 856, C. C. P.; Vernon's Texas Crim. State., Vol. 2, p. 851, and cases collated; Branch's Ann. Texas P. C., p. 338, sec. 667; also Bennett v. State, 80 Texas Crim. Rep. 652.

The appeal is dismissed.

*Dismissed.*