HARRIS ROBERTSON v. THE STATE OF TEXAS.

The defendant was convicted of murder in the second degree; his attorneys,
appointed by the court, filed a motion for new trial. On the next day
all of his attorneys were arrested by order of the court for an alleged
contempt; on a subsequent day the attorneys were brought into court
by the sheriff, and required by the court to *argue the motion: Held*, to
be such a wanton trifling with the rights of the defendant as to require
a new trial, irrespective of the merits of the case.

APPEAL from Guadalupe. Tried below before the Hon.
Henry Maney.

The defendant was tried for murder, and was convicted
of murder in the second degree, with punishment fixed at
fifteen years confinement in the penitentiary.

A motion for a new trial was filed and overruled.

Subsequent to the filing of the motion, the record shows
the following proceedings:

"Now, on this day came John Ireland, John P. White
and W. P. H. Douglass, attorneys of this court, who
say that on the trial of this cause they appeared as
counsel for the defendant under the appointment of the
District Court of Guadalupe county; that on the twenty-
fifth day of June, 1872, the undersigned were imprisoned
by order of this court, and have remained in prison ever
since, and are now so imprisoned, for the alleged reason
that we would not pay a fine of one hundred dollars each,
assessed against us for an alleged contempt of this court;
that on this day we are brought into the court house by
order of the court, and told that we are so brought in for
the purpose of arguing a motion for a new trial in this
cause. The motion was taken up and overruled by the
court, to all which the undersigned except and object,
because for the reason before set out, we have not been at
liberty, or in a condition to argue the motion for a new

trial and present the same, and because we believe said motion should have been sustained. Wherefore we pray this bill be signed and filed as a part of the records in this cause.

"JOHN P. WHITE,

"W. P. H. DOUGLASS,

"JOHN IRELAND."

"The above bill of exceptions is allowed, and the court here takes occasion to say that there were no attorneys in the reach of the court who could, instead of the said appointees, represent the defendant on the hearing of the motion for new trial. And the court was advised, and did believe, that the said appointees had sued out a writ of *habeas corpus* to be heard soon before one or more of the judges of our Supreme Court, and that said appointees, White, Ireland and Douglass, would on this day be taken to the city of Austin, and that thereby the ends of justice be defeated.

"HENRY MANEY, Judge."

A further statement of the case is not necessary.

A brief on the merits for defendant is on file, but it does not appear by whom filed.

*Attorney-General*, for the State.

OGDEN, J.—On the twenty-second of June the appellant was tried and convicted of murder in the second degree, and on the twenty-fourth of the same month, counsel for the defendant filed a motion for a new trial. It further appears, from the bill of exceptions, that on the day subsequent to filing the motion for new trial, all the counsel for the defendant, who had been appointed by the court to take charge of the prisoner's defense, were arrested by order of the court for an alleged contempt of the court committed previously, or rather for refusing to pay a fine

assessed against them for a contempt.  It further appears, from the record of this case, that on the twenty-seventh of the same month, the counsel who had been appointed to defend the prisoner, and who had been arrested and imprisoned by order of the court, and while under the arrest, were, by further order of the court, brought into the court room in charge of an officer, and were required by the court to argue their motion for a new trial.  To all of which they excepted and protested.  We are of the opinion that this was such an error in the court—such a total disregard of the rights of attorneys, and of a due consideration for the profession—such a wanton trifling with the rights of a defendant charged with a capital felony, and with the dignity of courts, and so subversive of every principle of law and justice, that the judgment of the District Court should be reversed and the case remanded for a new trial, and it is accordingly so ordered.

REVERSED AND REMANDED.