LONNIE McDANIEL v. THE STATE.

No. 7216.   Decided January 31, 1923.

**Selling Intoxicating Liquor—Purchaser—Accomplice—Corpus Delicti.**

Under the law governing the instant trial, the purchaser of intoxicating liquor was an accomplice, and where it appeared from the evidence that it rested solely on the testimony of such accomplice to sustain the conviction, and there was not the required corroboration to sustain the accomplice's testimony the judgment must be reversed and the cause remanded, as the corpus delicti was not sufficiently proved. Following Slaughter v. State, 86 Texas Crim. Rep., 527, and other cases.

Appeal from the District Court of Cass. Tried below before the Honorable Hugh Carney.

Appeal from a conviction of selling intoxicating liquor; penalty, one year's imprisonment in the penitentiary.

The opinion states the case.

*Bartlett & Patman,* for the appellant.—On question of corroboration of accomplice's testimony: Welden v. State, 10 Texas Crim. Rep., 400; Jernigan v. State, 10 Texas Crim. Rep., 546; Johnson v. State, 208 S. W. Rep., 170; Hunt v. State, 229 id., 869; Nunnally v. State, 234 id., 391; Townsend v. State, 236 id., 100.

*R. G. Storey,* Assistant Attorney General, and *C. A. Wheeler,* District Attorney, for the State.—Cited: Hankins v. State, 47 S. W. Rep., 997; Lott v. State, 60 Texas Crim. Rep., 163; Harkey v. State, 90 id., 316.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Cass County of the offense of selling intoxicating liquor in violation of the Dean Law, and his punishment fixed at one year in the penitentiary.

The date of the alleged sale was prior to November 15, 1921, and the trial must of necessity be in accordance with the law as it was before the adoption of the amendment to the Dean Law by the Thirty-seventh Legislature. Under the law governing this trial the purchaser of in-

toxicating liquor was an accomplice. The only question necessary to be discussed herein in order to dispose of this case in our view of it, is the sufficiency of the evidence to corroborate the testimony of the purchasers of said liquor.

The only witness testifying for the State aside from the accomplices, was the city marshal of the town of Hughes Springs. We present the substance of his testimony. Witness said that about dark on the evening of June 18th he saw Marshall Dameron, Lonnie McDaniel and Willie Sinclare together between the public toilet and a store; that they were near a bunch of cross ties stacked up; that when he saw them he dodged behind another pile of ties and watched; that he saw Sinclaire (who was the alleged purchaser of the liquor) put his hand on a tie pile and take his hand down, and then he saw McDaniel (appellant herein and one of the alleged sellers of the liquor) put his hand "on them and then take it down"; that he stayed there as long as these parties stayed and until they went away, and that he did not make any search there about the cross ties; that he saw no money in anybody's hand or pass from one to the other; and that he did not see any whisky or bottles or anything of that kind.

Article 801 of our C. C. P., specifically provides that a conviction of crime cannot be had upon accomplice testimony, unless corroborated by other evidence tending to connect the defendant with the offense charged, and said article concludes with the following significant statement: "And the corroboration is not sufficient if it merely shows the commission of the offense." In the instant case there is not a word of evidence in the record independent of the testimony of the accomplices, which will suggest that a crime had been committed. The *corpus delicti*—the sale of intoxicants—finds no support in the testimony of Mr. Alderson, the city marshal referred to. It is fundamental that the body of the crime must be proved. Does Mr. Alderson say he saw any liquor or any bottles, the ordinary container of liquor, on the occasion charged? He does not. Does he say that he saw any money, or heard the clink of silver, or heard any word spoken indicative of a commercial transaction at said time? He does not. Can the *corpus delicti*—the body of the crime—be proven by accomplice testimony? The opinions of this court hold to the contrary, Crowell v. State, 24 Texas Crim. App., 404; Hansen v. State, 27 Texas Crim. App., 140; Truelove v. State, 44 Texas Crim. Rep., 386; Williams v. State, 82 Texas Crim. Rep., 215; Slaughter v. State, 86 Texas Crim. Rep., 527. If these holdings be sound a conviction for crime is unsupported if the fact that a crime has been committed, rests solely on testimony thereof coming from an accomplice. What then? Our conclusion is that if there be no testimony save that of accomplices which tends to show that a crime had been committed, a conviction cannot be upheld. The question of proof of a witness' connection with a crime charged as an accomplice need not be discussed

till it be first determined that facts legally sufficient, make it apparent that a crime has been committed. The proof in this case failing to measure up to this standard, a reversal is ordered.

*Reversed and remanded.*