JIM ATCHLEY v. THE STATE.

No. 7347. Decided October 17, 1923.

**Theft of Automobile—Insufficiency of the Evidence—Accomplice—Corroboration.**

Where, upon trial of theft of an automobile, the testimony of the accomplice was not sufficiently corroborated by any other testimony, the judgent must be reversed and the cause remanded.

Appeal from the District Court of Eastland.  Tried below before the Honorable George L. Davenport.

Appeal from a conviction of theft of an automobile; penalty three years imprisonment in the penitentiary.

The opinion states the case.

*Chastain, Judkins & Chastain,* for appellant.  Cited, Black v. State, 41 S. W. Rep., 606; Grant v. State, 143 id., 929; Williams v. State, 148 id., 306.

*R. G. Storey,* Assistant Attorney General, for the State.

LATTIMORE, · JUDGE.—Appellant was convicted in the District Court of Eastland County of theft of an automobile, and his punishment fixed at confinement in the penitentiary for a term of three years.

Appellant challenges the sufficiency of the testimony to support the conviction.  Our laws plainly forbid the conviction of one accused of crime upon the testimony of an accomplice unless same is corroborated, and it is provided that such corroboration must in and of itself tend to connect the accused with the crime he is charged to have committed.  In determining whether the other evidence in the case, aside from that of the accomplice, be sufficient to tend to connect the accused with the crime charged, it is quite common to examine such evidence as though there was in the case no testimony from the accomplice, and ascertain if such evidence so stated connects or tends to connect the defendant with the commission of the offense.

Mr. Kemmer's Dodge car was taken from his garage in the city of Eastland between 9 and 12 o'clock on the night of March 15th. A flash light was found in the garage but same was in no way connected with appellant.  The car was found the next morning between Eastland and Cisco in a ditch upside down, the top broken, a wheel bent and the casings gone.  Deputy sheriff Williams testified that he saw the Dodge car on the road the next morning and found a coat in it.  No attempt was made to connect appellant with the coat.  Mr. Roper testified that he saw Brock Owens and appellant together in the afternoon of the 15th, in Eastland and saw them that night with Boyett (the accomplice) about 9 o'clock on Lamar Street in Eastland, in a car together and that they seemed to be drinking. Mr. Barnes was with Roper and said he saw said parties in the car together and that one Evans was with them.  He thought the time was about 10 o'clock at night.  Mr. Bedford said he saw Brock Owens in Cisco the next morning after the car was taken coming down the street horse-back.  Witness Sheffey worked in a cafe in Cisco and

saw Brock Owens one night about March 15th with a fellow whose face was skinned. Mr. LaVoice owned the cafe mentioned and on the day after the car was stolen saw appellant with Brock Owens and Boyett, and testified that appellant's face was skinned. The State introduced a written statement made by appellant in which he said he was thrown from a horse Wednesday March 15th and his face skinned and that he remained in his room from then until he was arrested; that he was suffering with bowel trouble. Appellant admitted that the written statements made by him were false and averred that he made them to shield Brock Owens who he was told on the 16th had stolen the car. Appellant's theory was that he was so drunk on the night of the 15th that he did not know what was done.

We have given the substance of the testimony of the State's witnesses aside from that of the accomplice. A careful analysis of said testimony fails to reveal anything which in our judgment tends to connect appellant with the taking of the car of Mr. Kemmer. No one saw him around the Kemmer premises or with the Dodge car, and no one heard him make any statement concerning it. The utmost that can be said for the State's testimony aside from that of the accomplice is that it shows that appellant was with Brock Owens and Wallace Boyett in Eastland on the night the Kemmer car was stolen, and that he was in Cisco ten or twelve miles distant the next day with the same parties. These facts may be entirely true and yet not tend to show appellant's guilt of the taking of the car in question.

Being of the opinion that the evidence does not sufficiently corroborate the accomplice, it follows that the conviction cannot stand, and it is ordered that the judgment be reversed and the cause remanded.

*Reversed and remanded.*