## STATE v. DEMOS DEMOPOULOS.[1]

November 19, 1926.

No. 25,694.

**Not error to refuse to compel state to elect whether it would try to prove defendant set fire or caused another to set it.**

1. Defendant, indicted for arson, asked the court to require the state to elect whether it will attempt to prove that he personally set the fire or caused another to set it. The court's refusal to require an election was not error.

**When unnecessary to decide whether testimony of accomplice alone is sufficient to prove corpus delicti.**

2. The testimony of an accomplice that he set the fire is corroborated, and it is not necessary to determine whether or not the testimony of an accomplice alone is sufficient to prove the corpus delicti.

**Conviction sufficiently corroborated by testimony of accomplice.**

3. The testimony of the accomplice that he was employed by defendant to set the fire has sufficient corroboration to justify the verdict.

[1]Reported in 210 N. W. 883.

**No error in receiving testimony of coconspirator as to what he did to accomplish the crime.**

    4. There was no error in receiving testimony in respect to the part coconspirators took to accomplish the crime.

**Charge to jury clear and legally accurate.**

    5. The charge of the court was correct.

        Criminal Law, 16 C. J. p. 663, n. 82, 83; p. 701 n. 25; p. 703 n. 29; p. 712 n. 30; p. 861 n. 32; 17 C. J. p. 203 n. 85.

        See 1 R. C. L. 166; 2 R. C. L. Supp. 53; 4 R. C. L. Supp. 9; 6 R. C. L. Supp. 6.

Defendant was convicted in the district court for Ramsey county of the crime of arson in the third degree, R. D. O'Brien, J., and appealed from an order denying his motion for a new trial. Affirmed.

    *Daggett & Pew,* for appellant.

    *Clifford L. Hilton,* Attorney General, *G. A. Youngquist,* Assistant Attorney General, *H. H. Peterson,* County Attorney, and *O. A. Blanchard,* Assistant County Attorney, for the state.

    HOLT, J.

Defendant was convicted of arson and appeals from the order denying a new trial.

Before the trial was begun, defendant made a motion to require the state to elect whether it "will attempt to prove under the indictment in said matter at the trial of said action (a) that defendant set the building referred to therein on fire himself or (b) that he procured the setting of said fire by another." The motion was denied. State v. Whitman, 103 Minn. 92, 114 N. W. 363, 14 Ann. Cas. 309, sustains the ruling, and no more need be said on that point.

Defendant was a tenant of the store and basement thereunder of the building at the southwest corner of Wabasha and Fourth streets, St. Paul, wherein he conducted a cigar, confectionery, soft drink and light lunch business. On May 11, 1923, at about 2 a. m. there was a fire in the basement which damaged defendant's property and to some extent the building. Defendant carried insurance

of $15,000 on stock and fixtures, and collected from the insurers over $9,000 for the loss thereon. By the indictment defendant was accused of setting this fire.

The main contention is that the proof of the corpus delicti and of defendant's part therein rests upon the uncorroborated testimony of an accomplice, and hence is insufficient in law to support a conviction.

It is asserted that proof of the corpus delicti can no more rest on the uncorroborated testimony of an accomplice than can the proof of defendant's connection with the crime. The rule as to corroboration is statutory, and should not be extended beyond the limits fixed by the statute. G. S. 1923, § 9903. The state cites People v. Sweeney, 161 App. Div. 221, 146 N. Y. Supp. 637, as the sole authority for holding the testimony of an accomplice alone sufficient to prove the corpus delicti, and appellant can call to his aid decisions from one state only. McDaniel v. State, 93 Tex. Cr. 354, 247 S. W. 854. The instant case does not call for a decision of the question, for we are convinced that the admission of the accomplice that the fire was set is well corroborated by circumstantial evidence. A few items may be mentioned.

The dense smoke and intense heat of the fire are not accounted for by the condition or character of the stock or fixtures burned; not even by the alleged old stock of fireworks, for no explosions were heard. But such smoke and heat are accounted for and are in corroboration of the accomplice Joe Arver's testimony that the fire was started by the use of a varnish removing fluid, highly inflammable and productive of dense smoke, with which he filled several football bladders, packed with excelsior in a paper carton that was set upon an ignition contrivance operated from the street by a silk fishline, passed through a gimlet hole in the basement window sash. The cans, wherein the varnish had been, were found shortly before the trial where Arver said he had hid them. And the purchase of the bladders was proved by a salesman, who also corroborated Arver's testimony that a telegram was sent at the latter's request to Chicago in a futile effort to get larger bladders. Jim Arver,

brother of Joe, but not an accomplice, testified to helping carrying down the carton from Korsch's place and placing it in the automobile of defendant. There was evidence from which the jury could find overinsurance; that defendant was in arrears on rent; that the overhead expenses were large; that he was in debt to a considerable extent; that his loss was deliberately padded, and that he disclosed his connection with Arver when he, in answer to the inquiries of officer Townsend of the insurance patrol (immediately after the fire was subdued in the early morning of May 11) as to his insurance, referred the officer to Joe Arver for information. The last mentioned circumstance corroborates Arver's statement that defendant turned over the policies to him, Arver, some days previous to the fire. Furthermore there was evidence excluding the probability of any other cause of the fire than that of incendiarism.

The next claim made is that the state failed to prove beyond a reasonable doubt defendant's connection with the crime. The statute is mandatory that such proof is not adequate if depending alone on the testimony of the accomplice. The rule is fully stated and the cases from this court cited in State v. Korsch, 168 Minn. 354, 210 N. W. 10. That opinion discloses to quite an extent the methods employed by Arver in his nefarious arson operations. There, as here, it was earnestly contended that, even conceding a technical corroboration of Arver, his self-confessed perjury in his own case, his career of crime, his hope of freedom because of the aid he gives the state in the prosecutions of others connected with fires he set, render the proof so doubtful and unreliable that the conviction should not stand. We have no doubt that these considerations and others which astute counsel certainly did not fail to bring to the jurors' attention were not lightly passed over. The weight to be given Arver's testimony and that in corroboration thereof was for the jury. There was sufficient of the latter so that this court cannot disturb the verdict approved by the trial court. The trial seems to have been conducted by the attorney for the state with the utmost fairness and is free from anything resembling persecution or undue zeal. And it should also be said that the attorney for the defense

did not stoop to the irritating tactics so often employed by the ·defense. There was nothing to disturb the calm and dispassionate judgment required of jurors.

We do not think error was committed in receiving testimony of the part Korsch and Makiesky took in the affair. Korsch was the one who introduced Arver to defendant as a person who had set a "good fire" for him, Korsch. Korsch was the one who induced Makiesky to advance for defendant part of the compensation Arver was to have for setting this fire. Both were co-conspirators in crime with defendant.

The charge of the court is attacked, we think, without cause. The principles by which the jury were to be guided are stated with clearness and legal accuracy, fully protecting the rights of both defendant and the state. We are unable to draw the inferences detrimental to the defense which counsel claims to draw from the one or two sentences he has singled out. Even when considered by themselves there is nothing objectionable in them, and certainly when read in connection with the rest of the charge, they appear both correct and appropriate.

The order is affirmed.