### E. HARRISON v. THE STATE.

No. 13599. Delivered January 28, 1931.

The opinion states the case.

*L. D. Stroud,* of Beeville, for appellant.

*W. G. Gayle,* Dist. Atty. of Beeville, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for theft of cattle; punishment, two years in the penitentiary.

Upon a proposition not heretofore discussed, we are of opinion that a reversal of this case must be ordered, and the opinion heretofore handed down having no bearing upon the point now deemed decisive, will be withdrawn.

Appellant was convicted of the theft of a cow, the property of a Mr. James, who testified that along in the latter part of December, 1928, he missed from the McGloin pasture in Live Oak county a big white faced muley cow which he had last seen some two weeks before he missed her. He gave no one his consent to take her. Willie Smith, self-confessed co-actor in the taking of said animal, if it was done, testified fully to the fact that he with two Mexicans and appellant killed and appropriated a red bald-faced muley cow about the time the James cow disappeared, and that the killing was in the locality indicated. He gave the names of the two Mexicans, one of whom was Juan Allala. Smith testified that they took the entrails of the cow mentioned, put them in a sack, and put the sack under a culvert which they crossed on their road to Beeville. Smith was clearly an accomplice witness, and under all the holdings would have to be corroborated, and the corroboration would not be sufficient under Art. 718, C. C. P., if it went no further than to show that the cow of James was stolen. Atchley v. State, 95 Texas Crim. Rep., 477, 254 S. W., 992; Weatherred v. State, 100 Texas Crim. Rep., 199, 272 S. W., 471.

The evidence in this case is lengthy and covers much territory. We have gone carefully over all the testimony with a view of culling out such as might be deemed corroborative of Smith. We find that two witnesses testified that they found under a culvert on the Beeville road, in a sack, the entrails of a cow somewhere near the date of the loss of the cow of Mr. James. One of these witnesses had seen Juan Allala at appellant's place, running a lunch stand at a dance hall. This witness also said he knew Juan Allala owned a truck. Another witness testified that he was building a fence in the pasture of Mr. James and on two occasions saw blood on the ground near a road running through said pasture. Another witness, a deputy sheriff, testified that he arrested Juan Allala for cattle theft, and that he was later approached by appellant with a view of making Allala's bond. Appellant told witness that he

was interested in Allala's butchershop and wanted to get him out so he could go back to work. The wife of Smith swore that appellant with two Mexicans came to her house on two occasions and asked to see her husband. Still another witness testified that on one occasion appellant rode to Beeville in his car, and on the way said he thought they had wrongfully accused Allala, and that when they got to Beeville appellant got out of the car and went to Allala's butchershop. Smith testified that he, appellant and the two Mexicans stole six or seven animals, butchered them, and that same were carried in a truck belonging to Allala, to the butchership of Allala in Beeville.

Manifestly the finding of the entrails of a cow in a sack under a culvert on the Beeville road, and the finding of blood on two occasions in the pasture of Mr. James, would not in the slightest degree point to appellant as one of the principals in the theft of the James cow. It is necessary to observe that Allala's connection as a co-principal in said theft depends, as far as this record is concerned, almost, if not entirely, upon the testimony of the accomplice Smith. Notwithstanding this fact, the State seems to rely for corroboration of Smith, upon showing that Allala ran a lunch stand at appellant's premises; that Allala owned a truck; that appellant interested himself in making bond for Allala after he was arrested "for cattle theft"; that appellant told parties he thought Allala was wrongfully accused; that on one occasion he went to Allala's butchershop. Aside from the circumstances above mentioned, there remains only the fact that the wife of Smith testified that appellant and two Mexicans came twice to her house to see her husband. There may be some other corroborative facts in this record which have escaped us, but in our view of the matter there is no testimony in this record, aside from that of Smith, which tends to connect appellant with the theft of the James' cow; also that testimony supporting the theory of appellant's connection with Allala has no probative force as such corroboration, because there is no testimony in this record, aside from that of Smith, which tends to connect Allala with such theft. In other words, in the absence of legal and sufficient proof that Allala had alone or with others stolen the James' cow,—testimony whose effect would be no more than to show the association of appellant with Allala, or his interest in Allala when arrested on information given by Smith, or that he and Allala were interested in a butchershop,—would not rise to the dignity of corroboration of Smith in his claim that appellant was connected with said theft.

The State's pending motion for rehearing, based on a totally different proposition, will be dismissed with leave, if the State so desires, to file another motion within fifteen days from the date of this opinion.

Being of opinion that there is not enough evidence in this case to

justify this conviction, the judgment of the trial court will be reversed and the cause remanded.

*Reversed and remanded.*