## COY THOMAS v. THE STATE.

No. 20804. Delivered January 31, 1940.

The opinion states the case.

*Carney & Carney* and *Tom J. Mays,* all of Atlanta, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is accepting a bribe. The punishment assessed is confinement in the state penitentiary for a term of two years.

One of appellant's main contentions seems to be that the trial court erred in declining to sustain his motion for a peremptory instruction to the jury to return a verdict of not guilty, upon the ground that the evidence is legally insufficient to justify his conviction in this: That no legal evidence other than the testimony of accomplice witnesses had been offered and this testimony was not corroborated by evidence from any source. A careful review of the testimony, as disclosed by the record, leads us to the conclusion that his position is well taken. The State introduced six witnesses, to-wit: D. H. Boon, Inez Armstrong, Samuel Armstrong, W. H. Harrison, Samuel Dodson and Roy Lockett. Boon testified that he was county superintendent of public instruction in and for Cass County. That Graves, Westmoreland and appellant were the trustees in and for common school district number 15 of said county during the years 1936, 1937, and 1938, but that he, the witness, knew nothing concerning the charge against appellant. Inez Armstrong was a school teacher who was looking for a position in some colored school. She got in touch with W. H. Harrison, a teacher, who lived in Cass County. He informed her that there was a vacancy in the Domina School of District No. 15 and offered to put her in touch with appellant who was one of the trustees. Inez, accompanied by her husband and W. H. Harrison, made several trips to appellant's home with a view of presenting her application and seeking his support for the position. On the third trip to appellant's home, Inez was accompanied by her brother, Samuel Dodson, and W. H. Harrison, but she did not have any conversation with appellant. It seems that Harrison was the man who rendered the diplomatic services in her behalf. That on the day of the last trip

to appellant's home her brother, Samuel Dodson, gave to Inez's husband, Samuel Armstrong, $125, which he, Dodson had borrowed from Roy Lockett on the evening before, to be used in paying appellant for his support of her for the position which she so much coveted. Lockett knew the purpose for which Dodson borrowed the money. Consequently he was an accomplice by reason of having furnished the money with which to perpetrate the bribery, if any. Inez Armstrong was an accomplice because she knew of the unholy purpose of her husband, her brother, and Harrison in taking the money to appellant; and she went with them and accepted the benefits accruing to her by reason of the bribery, if any. She, as such teacher in said school, drew and retained the monthly salary as a result of said alleged bribery. Hence she too was an accomplice witness. Armstrong, who took the money to Harrison to give to appellant as a bribe, knowing the purpose for which it was given was an accomplice, and so was Harrison. Dodson, who was instrumental in securing the money and delivering it to Armstrong to be used in bribing appellant, certainly aided in the enterprise and hence was an accomplice. No one testified that appellant ever received the money except Harrison, who claims to have delivered it to him. This was denied by the appellant. Harrison was successfully impeached by showing that his reputation for truth and veracity was bad. It is true that Dodson testified that appellant came to see him and requested him to sign a written statement to the effect that he, Dodson, did not give Inez any money on the occasion in question, but in this Dodson is not corroborated. Thus it will be noted that all of the State's witnesses except Boon were accomplices and there was no evidence from any other source corroborating them on any material part of the testimony. It follows that the evidence in this case does not meet the requirements of the law. See Vails v. State, 59 Tex. Crim. Rep., 340; Newman v. State, 116 S. W., 577; Franklin v. State, 53 Tex. Crim. Rep., 388; Townsend v. State, 236 S. W., 100; McDaniel v. State, 247 S. W., 854; Atchley v. State, 254 S. W., 992.

We also think the court was in error in his instruction to the jury upon the law of accomplice testimony, and in declining to submit appellant's special requested instruction to the effect that one accomplice cannot corroborate another or other accomplice.

The judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has

been examined by the Judges of the Court of Criminal Appeals and approved by the Court.